The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MICHAEL BEVERIDGE

**DEFENDANTS**

KRISH INTERNATIONAL GEMS, CORP. ET AL.

**(b)** County of Residence of First Listed Plaintiff   **BUCKS CO., PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **RICHMOND CO., NY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
**ALEXANDER C. HYDER, ESQ. - MORGAN & MORGAN**
**2005 MARKET ST, STE 350, PHILADELPHIA, PA 19103**
**267-780-2985**

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability   Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 U.S.C. §1332(a)**
Brief description of cause:
**MOTOR VEHICLE ACCIDENT**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
IN EXCESS OF JURISDICTIONAL THRESHOLD

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
**/s/ Alexander C. Hyder, Esq.**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**MORGAN & MORGAN**

Alexander C. Hyder, Esquire #320939                    *Attorneys for Plaintiff*

Luke Bradt, Esquire #335833

2005 Market Street, Suite 350

Philadelphia, PA 19103

t. 267.780.2985

f. 267.780.2920

ahyder@forthepeople.com

Our File No. 17778252

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BEVERIDGE<br><br>           **Plaintiff,**<br><br>    **v.**<br><br>**KRISH INTERNATIONAL GEMS, CORP.**<br>    *and*<br>**LD THALAGALAGA**<br><br>           **Defendants.** | **Case No.:**<br><br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION

### MOTOR VEHICLE ACCIDENT

Plaintiff, Michael Beveridge, by and through his undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

### THE PARTIES

1.      Plaintiff, Michael Beveridge (hereinafter "Plaintiff") is an adult individual who resides at 566 Kansas Road, Warrington, PA 18976.

2.      Defendant, Krish International Gems, Corp. (hereinafter "Defendant Krish Corp."), is an organized and existing business entity having a principal place of business at 97 Industrial Loop, Staten Island, NY, 10309.

3. Defendant, LD Thalagalaga (hereinafter "Defendant Thalagalaga"), is an adult individual who resides at 1 Cebra Avenue, Floor 2, Staten Island, NY 10301.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is greater than $75,000.

5. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

6. Defendant Thalagalaga is a citizen of the State of New York.

7. Defendant Krish Corp. maintains corporate citizenship in the State of New York by virtue of its incorporation and home office in that State.

8. This Court has personal jurisdiction over the Defendants because at all relevant times, Defendants operated a motor vehicle in the Commonwealth in Pennsylvania.

9. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

10. At all times relevant hereto, Defendant Thalagalaga was the operator of a 2017 Freightliner tractor trailer bearing NY license plate number 72951NF owned by Defendant Krish Corp. (hereinafter the "subject tractor trailer" or "Krish Corp. truck").

11. At all times relevant hereto, Defendant Thalagalaga was acting within the course and scope of his employment with Defendant Krish Corp., in the furtherance of the business interests and objectives of Defendant Krish Corp., and with the actual and/or implied authority of Defendant Krish Corp..

12. At all times material hereto, Defendant Krish Corp. acted or failed to act through

their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

13.     At all times material hereto, Defendant Krish Corp. established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial trucks.

14.     Defendant Krish Corp. has a Department of Transportation Number of 3716853.

15.     Defendant Krish Corp., in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that the company had access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendant would comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

16.     More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendant:

  a.     Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

  b.     Can produce a copy of the FMCSRs;

  c.     Had and will have in place a driver safety training/orientation program;

  d.     Had and will have prepared and maintain an accident register;

  e.     Is familiar with D.O.T. regulations governing driver qualifications, and had and will have in place a system for overseeing driver qualifications requirements;

  f.     Had and will have in place policies and procedures consistent with D.O.T.

regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.     Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.     Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States.

17.     At all times relevant hereto, Plaintiff was the operator of a 2002 Honda Odyssey automobile bearing PA license plate number KJA1028.

18.     At approximately 3:00 p.m. on May 12, 2025, Plaintiff was stopped at a red light in the eastbound right-hand lane on Street Road at its intersection with Norristown Road in Warminster Township, Pennsylvania.

19.     At the same time and place, Defendant Thalagalaga, while in the course and scope of his employment with Defendant Krish Corp., was travelling eastbound on Street Road behind Plaintiff at a high rate of speed.  Defendant Thalagalaga failed to stop, rear-ending Plaintiff, thereby causing Plaintiff's personal injuries as more fully hereinafter described.

20.     As a direct and proximate result of the Defendants' negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

21.     This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the manner set forth herein.

22.     The conduct of Defendants rises to the level of outrageous conduct in that Defendants willfully and recklessly ignored the known safety hazards associated with driving a

commercial vehicle in an unsafe manner, which caused Plaintiff's serious and permanent injuries.

23.     As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject tractor-trailer of Defendants herein, Plaintiff was caused to sustain serious and permanent injuries including, but not limited to, a rotator-cuff tear to his right shoulder, back pain, neck pain, and shoulder pain, some or all of which are permanent in nature and may last into the future.

24.     As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Defendants herein, Plaintiff was required to undergo significant medical treatment, including platelet-rich plasma injections into his right shoulder which, as of the date of this filing, is continuing into the future.

25.     As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

26.     As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

27.     As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

28.     The aforementioned conduct of the Defendants foreseeably caused a high degree

of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

29. Plaintiff's injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

30. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff or any other individuals and/or entity.

31. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

**COUNT I**
**MICHAEL BEVERIDGE vs. KRISH INTERNATIONAL GEMS, CORP.**

32. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

33. At all times relevant hereto, Defendant Krish Corp. conducted business in the Commonwealth of Pennsylvania.

34. At all times relevant hereto, Defendant Krish Corp. employed, supervised, and trained the operator of the subject tractor-trailer, Defendant Thalagalaga.

35. The injuries, damages and losses suffered by Plaintiff, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant Krish Corp. jointly and severally, acting by and through their agents, servants, workers and/or employees, both generally and in the following particular respects:

    a. Failing to properly train their employees;

b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

c. Failure to comply with Federal Motor Carrier Safety Regulations (hereinafter "FMCSR");

d. Failing to properly equip their trucks, including the subject tractor trailer;

e. Failing to maintain their trucks, including the subject tractor trailer;

f. Failing to properly service their vehicles, including the subject tractor trailer;

g. Failing to inspect their trucks, including the subject tractor trailer;

h. Failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject tractor trailer;

i. Failing to ensure the subject tractor trailer was operated by a properly trained and licensed driver;

j. Failing to properly monitor driver performance;

k. Promoting and encouraging drivers to rush at the expense of safety;

l. Violating commercial motor vehicle regulations; and

m. Failing to use due care under the circumstances.

36. The conduct of Defendant Krish Corp. caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiff described at length herein.

37. As a direct and proximate result of the negligence, carelessness, reckless, and/or other liability-producing conduct of Defendant Krish Corp. Plaintiff sustained severe and permanent injuries and damages, as previously described.

38.    Defendant Krish Corp. knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

39.    The conduct of Defendant Krish Corp. rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

40.    Defendant Krish Corp. acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

41.    Defendant Krish Corp. is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary, including punitive damages from the Defendants.

<u>COUNT II</u>
**<u>MICHAEL BEVERIDGE v. KRISH INTERNATIONAL GEMS, CORP., as being vicariously liable for LD THALAGALAGA</u>**

42.    The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

43.    At all times relevant hereto, Defendant Thalagalaga was an employee, agent, ostensible agent, servant, and/or worker of Defendant Krish Corp.

44.    At the time of the accident, Defendant Thalagalaga was acting within the course and scope of his employment and/or agency with Defendant Krish Corp.

45.     Defendant Krish Corp. is vicariously liable as the employer and/or principal of Defendant Thalagalaga for the injuries, resulting losses and expenses of Plaintiff for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

46.     Defendant Krish Corp. owed a duty to Plaintiff to ensure their employees were properly supervised, monitored, trained, and/or qualified.

47.     Defendant Krish Corp. owed a duty to Plaintiff to establish and enforce safety policies and procedures addressing safety.

48.     The conduct of Defendant Krish Corp. caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiff described at length herein.

49.     As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant Krish Corp. Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

50.     Defendant Krish Corp. is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary, including punitive damages from the Defendants.

### COUNT III
### MICHAEL BEVERIDGE v. LD THALAGALAGA

51.     The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

52.     At all times relevant hereto, Defendant Thalagalaga was an employee, agent, ostensible agent, servant, and/or worker of Defendant Krish Corp.

53. At the time of the accident, Defendant Thalagalaga was acting within the course and scope of his employment and/or agency with Defendant Krish Corp.

54. The negligence, carelessness, and recklessness of Defendant Thalagalaga consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of the subject Krish Corp. truck so as to avoid crashing into the Plaintiff;

    b. Travelling at a high rate of speed for the present conditions;

    c. Following too closely;

    d. Failing to pay proper attention while operating the subject Krish Corp. truck;

    e. Operating the subject Krish Corp. truck in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

    f. Failing to have the subject Krish Corp. truck under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    g. Failing to remain alert;

    h. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

    i. Failing to make necessary and reasonable observations while operating the subject Krish Corp. truck;

    j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

    k. Acting with a conscious disregard for the rights and safety of the Plaintiff;

l.      Otherwise failing to exercise due care under the circumstances; and

m.      Such other liability producing conduct as discovery shall disclose.

55.     For the reasons set forth above, Defendant Thalagalaga's operation of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff.

56.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Thalagalaga, Plaintiff sustained severe and permanent injuries and damages, as previously described.

57.     The conduct of Defendant Thalagalaga rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm and damages as set forth herein.

58.     Defendant Thalagalaga acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiff.

59.     This and other misconduct of Defendant Thalagalaga constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of the jurisdiction threshold, plus all costs and other relief this court deems necessary, including punitive damages from the Defendants.

Respectfully submitted,

**MORGAN & MORGAN**

BY: _____

Alexander C. Hyder, Esquire

*Trial Counsel for Plaintiff*

DATE: 03/25/2026

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939                    *Attorneys for Plaintiff*
Luke Bradt, Esquire #335833
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 17778252

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL BEVERIDGE** <br><br> **Plaintiff,** <br><br> v. <br><br> **KRISH INTERNATIONAL GEMS, CORP.** <br> *and* <br> **LD THALAGALAGA** <br><br> **Defendants.** | **Case No.:** <br><br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

**MORGAN & MORGAN**

ALEXANDER C. HYDER, ESQUIRE
*Trial Counsel for Plaintiff*

Date:   03/25/2026

## **VERIFICATION**

I, MICHAEL BEVERIDGE, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.



DATE: 03/25/2026