**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL BEVERIDGE,**<br>**Plaintiff,**<br><br>**v.**<br><br>**KRISH INTERNATIONAL GEMS, CORP. and LD THALAGALAGA,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 26-01950** |

**MEMORANDUM**

**HODGE, J.** **November 25, 2026**

## I. INTRODUCTION

Before the Court is Defendant Krish International Gems, Corp.'s ("Krish Corp.") Motion to Dismiss Plaintiff's Claims for Punitive Damages (ECF No. 7 (the "Krish Corp. Motion")), Defendant LD Thalagalga's ("Thalagalaga") Motion to Dismiss Plaintiff's Claims for Punitive Damages (ECF No. 12 (the "Thalagalaga Motion")) (together, the "Motions"), and Plaintiff's responses thereto (ECF Nos. 11, 13). Defendants seek to dismiss Plaintiff's requests for punitive damages in Counts I, II, and III of Plaintiff's Complaint. (ECF No. 1 ("Complaint")). Plaintiff opposes the Motions. For the following reasons, the Motions are denied.

## II. BACKGROUND[1]

In considering the facts, the Court accepts all well-pleaded facts in the Complaint as true. This matter arises out of a tractor-trailer ("Krish Corp. Truck") accident that took place on May 12, 2025, in Bucks County, Pennsylvania. (ECF No. 1 ¶¶ 18–19.) On that date, Plaintiff alleges, "Defendant Thalagalaga, while in the course and scope of his employment with Defendant Krish Corp., was travelling eastbound on Street Road behind Plaintiff at a high rate of speed. Defendant

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Thalagalaga failed to stop, rear-ending Plaintiff, thereby causing Plaintiff's personal injuries." (*Id.*) As a result of the accident, Plaintiff alleges he sustained injuries to his right shoulder, in addition to experiencing back pain, neck pain, and shoulder pain. (*Id.* ¶ 23.)

On March 25, 2026, Plaintiff filed his Complaint against Krish Corp. and Thalagalaga (collectively "Defendants"). Plaintiff asserts three claims against Defendants and seeks punitive damages in each claim. Count I alleges negligence against Krish Corp. (*Id.* ¶¶ 32–41.) Count II alleges vicarious liability against Krish Corp. (*Id.* ¶¶ 42–50.) Count III alleges negligence against Thalagalaga. (*Id.* ¶¶ 51–59.) In Count I, Plaintiff alleges "Defendant Krish Corp. knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their trucks, including the [Krish Corp. Truck], posed a very high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff." (*Id.* ¶ 38.) In Count I, Plaintiff further alleges Thalagalaga was improperly trained and monitored by Krish Corp. (ECF No. 1 ¶¶ 35(a), (b), (i), (j).) In Count I, Plaintiff also alleges violations by Krish Corp. of Federal Motor Carrier Safety Regulations (FMCSRs). (*Id.* ¶ 35 (c).) In Count II, Plaintiff alleges "Defendant Krish Corp. is vicariously liable as the employer and/or principal of Defendant Thalagalaga for the injuries, resulting losses and expenses of Plaintiff for which [the] claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*." (*Id.* ¶ 45.) Reckless indifference and outrageous conduct were also alleged against Thalagalaga in Count III, including that he was "[a]cting with a conscious disregard for the rights and safety of Plaintiff," and "in violation of FMCSRs." (*Id.* ¶ 54.) In Count III, Plaintiff also alleges that Thalagalaga chose to drive the Krish Corp. Truck at a "high rate of speed for the present conditions." (*Id.* ¶¶ 54(b) and (k).) Defendant Krish Corp. timely filed its Motion on April

30, 2026, and Defendant Thalagalaga filed its Motion on May 20, 2026. (ECF Nos. 11, 13.) The Motions are now ripe for disposition.

## III. LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Complaint need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). The Court generally considers "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Applying the principles of *Twombly* and *Iqbal*, the Third Circuit has articulated a three-part analysis to determine whether a complaint will survive a Rule 12(b)(6) motion. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). A court is tasked with: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the

elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Punitive Damages in Pennsylvania

As a threshold matter, the Court notes that the Plaintiff's claims for punitive damages are embedded in all three (3) counts of the Complaint, through each count's prayer for judgment as an element of damages, and do not stand alone as separate causes of action. (*Id.* ¶¶ 41, 50, 59); *see Dragone v. Pew*, 621 F. Supp. 3d 561, 567 (E.D. Pa. 2022) (citing *Nix v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991). Because the Court sits in diversity (ECF No. 1 ¶ 4), Pennsylvania substantive law provides the appropriate standard for punitive damages as set forth below. 28 U.S.C. §1332; *see also Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

#### *i. Punitive Damages Standard in Torts Cases*

Pennsylvania has adopted Section 908 of the Restatement (Second) of Torts. *Einstein v. Carrasquillo*, No. 21-CV-347, 2021 WL 5882105, at *3 (E.D. Pa. Dec. 10, 2021) ("Pennsylvania follows *Section 908* of the Second Restatement of Torts on punitive damages.") (emphasis added). Under Section 908, punitive damages can be "awarded to punish a defendant for outrageous conduct." "Outrageous conduct" is defined as "an act which, in addition to creating 'actual damages, also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights.'" *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235 (3d Cir. 1997) (quoting *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1263 (Pa. Super. Ct. 1983)); *see also Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770–71 (Pa. 2005) (The standard governing the award of punitive damages in Pennsylvania is settled. 'Punitive damages may be

awarded for conduct that is outrageous, because of the defendant’s evil motive or his reckless indifference to the rights of others.’ . . . As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.” (quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984))). “[T]he state of mind of the actor is vital” to determining whether to allow punitive damages. *Id.* (quoting *Feld v. Merriam*, 485 A.2d at 748). As the Pennsylvania Supreme Court has explained, “[t]he act, or the failure to act, must be intentional, reckless or malicious.” *Id.* (citing *Martin v. Johns-Manville Corp*., 494 A.2d 1088, 1097 n. 12 (Pa. 1985)). Intentional conduct and reckless indifference both satisfy the requisite mental state in support of punitive damages. *Klinger*, 115 F.3d at 235.

Thus, the Pennsylvania Supreme Court in *Hutchinson* adopted a narrower reading of the state of mind requirement when addressing punitive damage claims. The *Hutchinson* Court ultimately concluded that “in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.” *Id*. at 772. Furthermore, under *Hutchinson*, “punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured.” *Hutchinson*, 582 Pa. 114, 120 (2005). Accordingly, the plaintiff must establish “conduct that is *outrageous*, because of the defendant's evil motive or his *reckless indifference* to the rights of others.” *Hutchison*, 582 Pa. at 121 (emphasis added) (quoting *Feld,* 485 A.2d 742 at 747); *see Kozak v. Klikuszewski*, No. 21-CV-01609, 2022 WL 1177895, at *2 (M.D. Pa. Apr. 20, 2022).

Notably, "punitive damages claims typically are not resolved at the motion to dismiss stage because they are predicated on the defendant's state of mind – an issue ordinarily appropriate for a jury to determine." *Amidon v. Goodyear Tire & Rubber Co.*, No. 18-2138, 2021 WL 7907079, at *1 (M.D. Pa. Aug. 26, 2021) (quoting *Dragone v. Pew*, 621 F. Supp. 3d 561, 567 (E.D. Pa. 2022)); *see also Wydra v. Bah*, No. 15-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016). Accordingly, in motor vehicle accident cases, similar to the case presently before the Court, "courts regularly deny motions to dismiss punitive damages claims . . .." *Dragone v. Pew*, 621 F. Supp. 3d 561, 567 (E.D. Pa. 2022); *see also Enari v. Davranov*, No. 24-CV-01101, 2024 WL 4729758, at *3 (M.D. Pa. Nov. 8, 2024); *see also Kerlin v. Howard*, No. 18-CV-00481, 2018 WL 4051702, at *2 (M.D. Pa. Aug. 24, 2018).

*ii. Punitive Damages Standard in Employer and Vicarious Liability Cases*

Defendants argue in their Motions that the Plaintiff's punitive damages claim against Krish Corp. fails under "Pennsylvania's heightened standard for corporate punitive damages." (ECF Nos. 7-3 at 5; 12-3 at 6.) To support their argument, Defendants urge the Court to adopt the "Corporate Punitive Damages Standard" framework set forth in the Restatement (Second) of Torts § 909. (*See* ECF No. 7-3 at 5.) However, § 909 has not been adopted in Pennsylvania. *See Delahanty*, 464 A.2d at 1264 ("Pennsylvania has adhered to the rule for punitive damages enunciated in § 908 of the Restatement of Torts, it has not adopted the standard of § 909 of the Restatement of Torts."); *see also Bensalem Twp. v. Press*, 501 A.2d 331 (Pa. Commw. Ct. 1985) ("Section 909 has not been adopted in Pennsylvania."); *Dean Witter Reynolds, Inc. v. Genteel*, 499 A.2d 637 (Pa. Super. Ct 1985) (declining Plaintiff's "invitation to adopt Section 909.").[2]

---

[2] In its motion to dismiss, Krish Corp. cites to *Archibald v. Kemble*, 971 F. Supp. 2d 506, 511 (E.D. Pa. 2013.) in support of its § 909 argument. No such case exists. To the extent Krish Corp. meant to cite *Archibald v. Kemble*, 971 A.2d 513 (Pa. Super. 2009), the case is factually

Under Pennsylvania law, an employer "may be held vicariously liable for punitive damages if the actions of its [employee]: (1) were clearly outrageous, (2) were committed during and within the scope of the agent's duties, and (3) were done with the intent to further the principal's interests." *Achey v. Crete Carries Corp.*, No. 07-CV-3592, 2009 WL 9083282, at *10 (E.D. Pa. Mar. 30, 2009) (citing *Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 101 (3d Cir. 1993)). Indeed, punitive damages may be imposed for vicarious liability even if the employer did not direct or approve the acts by the employees. *Lucchesi v. Johnson*, No. 15-cv-6114, 2015 WL 9308334, at *3 (E.D. Pa. Dec. 22, 2015) (citing *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998)). However, courts in Pennsylvania use "great caution" in applying punitive damages if the employer did not authorize the employee's conduct. *Achey*, 2009 WL 9083282, at *10 (citing *Funk v. Kerbaugh*, 70 A. 953, 954 (Pa. 1908)). Accordingly, courts must ensure the employee's conduct being alleged is "clearly outrageous to justify vicarious imposition of exemplary damages" on the employer. *Id.* (citing *Skeels v. Universal C.I.T. Credit Corp.*, 335 F.2d 846, 852 (3d Cir. 1964)).

**B. Krish Corp. and Thalagalaga Motions**

The Motions before the Court raise the same legal grounds for dismissal of claims for punitive damages (*See generally* ECF Nos. 7, 12.) Defendants argue that Krish Corp. had no prior knowledge of any dangerous propensity on the part of Defendant Thalagalaga nor did it direct, ratify, or approve any conduct to give rise to the alleged incident. (ECF No. 7-3 at 3, 12-3 at 4.) However, Plaintiff alleges in his Complaint that Thalagalaga acted recklessly in operating the Krish Corp. Truck and that Krish Corp. acted recklessly by "failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the

---

inapposite to this matter. *See Archibald v. Kemble*, 971 A.2d 513 at 515 (Pa. Super. 2009) ("The crux of this case is the standard of care to be applied when a player in an adult 'no-check' ice hockey league checks and injures another player in violation of the league rules.")

[Krish Corp. Truck].” (ECF No. 1 ¶ 22, 38–39, 57.) Additionally, Plaintiff alleges Thalagalaga consciously disregarded the risk of harm to Plaintiff when operating the Krish Corp. Truck as an employee on behalf of Krish Corp. and that the “conduct of Defendant Thalagalaga rises to the level of outrageous conduct in that it willfully and recklessly ignored the known safety hazards which caused Plaintiff's harm . . ..” (ECF No. 1 ¶¶ 54(k)), 58). Defendants argue none of the allegations set forth in the Complaint allege a “single specific fact” that elevates conduct beyond ordinary negligence. (ECF No. 7-3 at 3; 12-3 at 3.) Additionally, Defendants argue “facts supporting a punitive damages claim must exist at the time of filing and must be pled with sufficient specificity . . ..” (ECF Nos. 7-3 at 7; 12-3 at 8.) The Court is not persuaded.

At this juncture, dismissal of Plaintiff's punitive damages claims would be premature and would cut against the “weight of authority” in this Circuit. *See Maturo v. Pugh,* 2020 WL 4015240, at *2 (E.D. Pa. July 16, 2020) (“We follow the weight of authority in our Circuit and deny Mr. Pugh's and Mr. Cooper's partial motion to dismiss . . . .”)*; see also Youells v. Dzakpasu,* No. 3:19-CV-633, 2019 WL 3046300, at *6 (M.D. Pa. June 24, 2019) (“[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone, but must await the development of a full factual record at trial.”) Furthermore, there is no requirement in Pennsylvania that an agent must commit a tortious act at the direction of his or her principal, or alternatively, that the principal must ratify the act, for a plaintiff to establish viable punitive damages claims against a principal. *Sabo v. Sank*, No. 18-CV-1644, 2021 WL 9406784, at *4 (W.D. Pa. Aug. 19, 2021) (“In Pennsylvania, an employer may incur liability for punitive damages even if it does not subjectively know or consciously disregard a risk regarding its employee when the employee acts recklessly.”); *see also Shiner v. Moriarty,* 706 A.2d 1228, 1240 (Pa. Super. Ct 1998).

Thus, at this stage of litigation, Plaintiff's allegations are sufficient to plausibly allege a claim for punitive damages against Defendants. *See Dragone*, 621 F. Supp. 3d at 567; *see also Enari*, 2024 WL 4729758, at *3; *see also Kerlin*, 2018 WL 4051702, at *2.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motions are denied. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**